IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 3:96CR00032 |
| | ) | |
| | ) | **OPINION** |
| v. | ) | |
| | ) | |
| **LEMAN BERNARD KOONCE**, | ) | |
| | ) | By: James P. Jones |
| Defendant. | ) | Chief United States District Judge |

*Thomas L. Eckert, Assistant United States Attorney, Roanoke, Virginia, for United States; Leman Bernard Koonce, Pro Se Defendant.*

The government has objected to any reduction in sentence for this defendant, who is eligible for such a reduction under 18 U.S.C. § 3582(c)(2) by virtue of the lowering of the crack cocaine guidelines.[1]

I will overrule the government's objections.

---

[1] This district is reported to have the fourth largest number of defendants who qualify for a reduction in sentence under the Sentencing Commission's policy on retroactivity. Unfortunately, it appears that the United States Attorney for this district is objecting to reduction in *every case*, even those which provide for a reduction in sentence of only a few months. While the Department of Justice opposed the retroactivity of the amended guidelines, once the Sentencing Commission unanimously decided on retroactivity—a decision which Congress has not overruled—a per se objection to any reduction does not serve the public interest. For example, the court is required to consider the public safety in determining whether to reduce a particular sentence, *see* USSG § 1B1.10 cmt. n.1(B)(ii) (Mar. 3, 2008), and the government's blanket objection in all cases does not assist the court in making that decision, and, in fact, hinders it.

The government's objections may be divided into two groups. First, the government emphasizes the conduct underlying the offense. Second, the government points to the defendant's criminal history.

The guidelines provide a vehicle for consideration of conduct underlying an offense. The defendant's Total Offense Level takes into account the amount of crack cocaine for which the defendant was responsible and the defendant's role in the offense. In this case, the defendant's Base Offense Level has already been enhanced by two levels because he was an organizer or leader of the crack cocaine conspiracy.

With regard to the defendant's criminal history, the guidelines also provide a mechanism for consideration of prior convictions through calculation of a criminal history score. In this case, the defendant's criminal history put him in Category III and his guideline range was calculated accordingly. To do as the government suggests, would doubly penalize the defendant for his criminal history. Absent any evidence that the defendant's criminal history category uniquely fails to reflect his actual criminal history or danger to the public, I do not find his prior convictions to be a bar to reduction in sentence.

A separate judgement will be entered.

>Dated: March 10, 2008

>/S/ JAMES P. JONES
>Chief United States District Judge

- 3 -

Case 3:96-cr-00032-JPJ   Document 138   Filed 03/10/08   Page 3 of 3   Pageid#: 66